IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. HUTTON, SR.,          )
                    )
         Plaintiff,        )
                    )
    -vs-              )      Civil Action No.  14-222
                    )
CAROLYN W. COLVIN,         )
COMMISSIONER OF SOCIAL SECURITY,  )
                    )
         Defendant.      )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 6 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 7 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 6).

## I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits to the Social Security Act ("Act"). Plaintiff filed an application for benefits in May of 2011, alleging he had been disabled since September 25, 2007. (Docket No. 4-6, pp. 2-3 and No. 4-7, p. 4). Administrative Law Judge ("ALJ") Guy Koster Porter held a hearing on November 6, 2012. (Docket No. 4-3, pp. 2-35). On November 30, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 4-2, pp. 21-34). After exhausting all of his

1

administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 6 and 10). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

> **B.**   **Whether the ALJ erred in finding Plaintiff's bipolar disorder and mild mental retardation were not severe impairments**

Plaintiff first argues that the ALJ erred in finding his mental impairments (bipolar disorder and mild mental retardation) to be non-severe. (ECF No. 7, pp. 5-8). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

In this case, the ALJ found that Plaintiff had the following severe impairments: chronic low back pain and history of tendinitis of the left arm and hand. (ECF No. 4-2, pp. 23-24). The ALJ then proceeded to the next steps. *Id.* Plaintiff argues, however, that the ALJ erred in not finding that his bipolar disorder and mild mental retardation were severe and that this error warrants a remand. (ECF No. 7, pp. 5-8). I disagree.

Although the ALJ did not find the Plaintiff's bipolar disorder and mild mental retardation to be severe, he did find other impairments to be severe at step 2. (ECF No. 4-2, p. 23). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. In so doing, he acknowledged that in making that determination he was to consider all impairments, including any impairment that is not severe. (ECF No. 4-2, p. 22). Consequently, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process. (ECF No. 4-2, pp. 24-28). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

**C.** **Whether the ALJ erred in failing to find Plaintiff met or medically equaled Listing 12.05(C)**

Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet or equal an impairment listing. (ECF No. 7, pp. 8-10). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

At issue in this case is Listing 12.05 (mental retardation).   *See*, 20 C.F.R. pt. 404, subpt.

P, app. 1 §12.05.   Listing 12.05 – Mental Retardation[1] provides:

> Mental retardation refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A.   Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B.   A valid verbal, performance, or full scale IQ of 59 or less;
>
> C.   A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;
>
> OR
>
> D.   A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> > 1.   Marked restriction of activities of daily living; or
> > 2.   Marked difficulties in maintain social functions; or
> > 3.   Marked difficulties in maintaining concentration, persistence, or pace; or
> > 4.   Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05.

As the disjunctive language of the Listing indicates, the required level of severity for this

disorder is met when the requirements of both the introductory paragraph and paragraphs A, B, C

*or* D of the Listing are satisfied.

In this case, Plaintiff contends the ALJ erred in not finding that he satisfies Part C of Listing

---

[1] As of September 3, 2013, the term "mental retardation" has been replaced with the term "intellectual disability" within Listing §12.05.

12.05. (ECF No. 7, pp. 8-10). To satisfy Part C, Plaintiff must have, before the age of 22: 1) a valid verbal, performance, or full scale IQ of 60 through 70, and 2) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05; *Williams v. Sullivan*, 970 F.2d 1178, 1184 (3d Cir. 1992). Plaintiff states that he had a full scale IQ of 68 and the ALJ erred in rejecting this score "based on his own personal observations and speculative inferences he drew from the record." (ECF No. 7, p. 9). Additionally, Plaintiff argues that he had "difficulty in school and has been diagnosed as having mild mental retardation, along with bipolar disorder." *Id.* Further, Plaintiff submits that he had "significant physical impairments in the form of left arm tendonitis and low back pain." *Id.* Based on the same, Plaintiff claims the ALJ erred in not finding he met the requirements of 12.05(C). *Id.*

After a careful review of the record, I disagree. Plaintiff simply states that he has a full scale IQ of 68. (ECF No. 7, p. 9). Said IQ score was determined on July 2, 2012, when Plaintiff was 51 years old. (ECF No. 4-98, pp. 4-5). Plaintiff has failed to provide any information indicating that "before the age of 22" he had a qualifying IQ score. 20 C.F.R. pt. 404, subpt., P., app. 1 §12.05. This is a requirement of Listing 12.05. Plaintiff's recent IQ score in 2012 is insufficient to establish deficient intellectual functioning initially manifested during the developmental period (before the age of 22).

If Plaintiff cannot produce a qualifying IQ score prior to age 22, Plaintiff must produce evidence that "demonstrates or supports onset of the impairment before age 22." *Cortes v. Commissioner of Soc. Sec.,* 255 Fed. Appx. 646, 652-653 (3d Cir. 2007). In reviewing the records, the only document during that time period is Plaintiff's junior high records. Plaintiff's junior high records indicate that he had an IQ score of 74 in 1975 (when Plaintiff was approximately age 15). (ECF No. 4-7, p. 2). Again, this is an IQ score insufficient to meet the requirement of Listing 12.05. The only other records are dated well after Plaintiff attained the

age of 22. Those records demonstrate that Plaintiff did not attend special education classes, received his GED, completed technical school training, and performed semi-skilled work. (ECF No. 4-3, p. 31; No. 4-8, p. 4). Therefore, I find no error on the part of the ALJ in failing to discuss or find that Plaintiff met Listing 12.05(C).

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. HUTTON, SR.,                    )
                                           )
                Plaintiff,                 )
                                           )
        -vs-                               )          Civil Action No.   14-222
                                           )
CAROLYN W. COLVIN,                         )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
                Defendant.                 )

AMBROSE, Senior District Judge.


**ORDER OF COURT**

        THEREFORE, this 14th day of January, 2015, it is ordered that the decision of the ALJ is

affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 6) is denied and Defendant's

Motion for Summary Judgment (Docket No. 10) is granted.

                                BY THE COURT:

                                 s/   Donetta W. Ambrose
                                 Donetta W. Ambrose
                                 United States Senior District Judge